UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANDON ADAMS, | Case No. 2:23-cv-00572-JAD-EJY |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | **Re: ECF Nos. 1, 1-1** |
| MOLLY C. DWYER, | |
| Defendant. | |

Pending before the Court are Plaintiff's *in forma pauperis* application and civil rights Complaint. ECF Nos. 1, 1-1. Because the Court recommends dismissal of Plaintiff's Complaint in its entirety, the Court also recommends denying Plaintiff's *in forma pauperis* application as moot.

**I.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

All or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   DISCUSSION

Plaintiff's Complaint lists one defendant, Molly C. Dwyer, a Ninth Circuit U.S. Court of Appeals employee working in the clerk's office. ECF No. 1-1 at 2. Plaintiff's claims are meritless as a matter of law. Employees of a federal Clerk of Court "have absolute quasi-judicial immunity for civil rights violations when they perform tasks that are an integral part of the judicial process." *O'Keefe v. Doe 1*, Case No. 3:18-cv-00100-RCJ-WGC, 2018 WL 3559200, at *3 (D. Nev. May 14, 2018), *citing Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979). Because Plaintiff not only fails to assert any decipherable facts, but otherwise appears to assert only garbled rhetoric pertaining to Ms. Dwyer, Plaintiff's claims fail as a matter of law.

## III.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice.

DATED this 1st day of May, 2023.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ELAYNA J. YOUCHAH
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).